**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ROZINA JONES-WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 4:26-cv-00772-SEP |
| MISSOURI DEPARTMENT OF | ) |
| REVENUE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Rozina Jones-Williams' Motion for Leave to Proceed *in Forma Pauperis*, Doc. [2], and Motion for Temporary Restraining Order, Doc. [3]. For the reasons set forth below, the Court denies both pending motions.

### THE COMPLAINT

Plaintiff Rozina Jones-Williams[1] brings this action alleging "unlawful taxation, enforcement, and sheriff's sale of Plaintiff's property despite redemption and a binding court order deeming the property tax-exempt." Doc. [1] at 1. Plaintiff asserts that she "is the beneficiary and trustee of property located at 3117 N. Grand Blvd, St. Louis, Missouri 63107." Doc. [1] at 1. She names seven Defendants: the Missouri Department of Revenue, the St. Louis

---

[1] Plaintiff has several aliases that appear in the instant pleadings as well as pleadings filed in state court and this district. *See Jones-Williams v. St. Louis County Justice Center*, 23-cv-00544-SEP, Doc. [13] at 1 n.1; *State of Missouri v. Rozina Kimani-Muthoka*, 4:23-cv-00728-HEA, Doc. [8] at 1 n.1 (E.D. Mo. Aug. 31, 2023) (aliases include Minister Rozina Williams, Rozina Rhonda Jones-Williams, Rozina Muthoka, Rozina R. Jones, Rozina R. Williams, Rozina Jones Williams). Plaintiff has filed six other cases in this district, including: *Jones at al. v. Ware et al.*, 4:21-cv-01012-JMB (E.D. Mo. filed Aug. 12, 2021) (challenging eviction, discussing Plaintiff's unsuccessful attempt to adversely possess another property); *Jones-Williams v. St. Louis County Justice Center*, 4:23-cv-00544-SEP (E.D. Mo. filed Apr. 27, 2023) (dismissing Plaintiff's petition for writ of habeas corpus); *Williams v. City of St. Louis*, 4:23-cv-00917-MTS (E.D. Mo. filed July 20, 2023) (dismissing Plaintiff's prisoner civil rights complaint as frivolous, see Doc. [11]); *Jones-Williams v. Missouri State*, 4:23-cv-00947-SEP (E.D. Mo. filed July 27, 2023) (dismissing for failure to state a claim Plaintiff's 54-page prisoner civil rights complaint naming 186 defendants); *Jones-Williams v. Berger at al.*, 4:26-cv-00515-ZMB (E.D. Mo. filed Apr. 7, 2026) (denying motion for temporary restraining order at Doc. [6] dated Apr. 21, 2026); *Jones-Williams v. State of Missouri*, 4:26-cv-00584-PLC (E.D. Mo. filed Apr. 17, 2026). Most of Plaintiff's other cases involve property disputes, including eviction, fraud, and a failed claim of adverse possession.

Sheriff's Office, the St. Louis City Assessor, the City of St. Louis Collector of Revenue, DA-Woods Investments & Notary LLC, the Missouri Secretary of State, and Michael Dolphin.  Doc. [1] at 1-2.  Plaintiff alleges that on December 10, 2020, the 22nd Judicial Circuit Court deemed the property tax-exempt and asserts that "the property qualifies as exempt, including under principles applicable to Indian trust or protected land, subject to supporting documentation." Doc. [1] at 2.  According to Plaintiff, despite this, "[t]axes continue to be assessed," collection actions have been pursued, a "sheriff sale was conducted or attempted," and "[a]ny such sale is void because: [t]he property was redeemed[,] the tax obligation had been extinguished[, and a] court order barred such enforcement."  Doc. [1] at 2.  Plaintiff brings the following claims: Count I, Due Process Violation (14th Amendment); Count II, Wrongful Taking; Count III, Failure to Honor Court Order; and Count IV, Civil Rights Violation 42 U.S.C. § 1983.  Doc. [1] at 2-3.  For relief, Plaintiff requests a declaration that the sheriff sale is void, a temporary restraining order and preliminary injunction, the restoration of her property rights, and costs and further relief.  Doc. [1] at 3.

Plaintiff attached to her Complaint what appears to be a "Motion for Contempt and Set[] Aside Fraudulent Sale" that she filed in state court in September 2022 and signed as Minister Rozina Williams.  Doc. [1-2] at 1.  She also attached what appears to be a duplicate of that motion, styled as an "Order Setting Aside Sale and Removing All Taxes."  Doc. [1-2] at 4.  In it, Plaintiff cites *State ex rel. City of St. Louis v. Bauman*, 153 S.W.2d 31 (Mo. 1941), and *Buchanan County v. State Tax Commission*, 407 S.Wd.2d 910 (Mo. 1966), to support the claim that properties used by tax-exempt organizations may become tax-exempt.  Doc. [1-2] at 2, 6. The motion further asserts that 3117 N. Grand Boulevard "has been in use for religious purposes as a meeting hall and for social welfare programs since the year 2000" by Smite the Blight Community Church.  Doc. [1-2] at 2, 6.  According to Plaintiff, "Judge Thomas McCarthy . . . allowed the motion to be read aloud and asksed [Defendants] is any one in oppossition that no taxes are owed or due? Your honor no one opposed the church request."  Doc. [1-2] at 2.

### MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff's Motion for Temporary Restraining Order, Doc. [3], essentially restates her Complaint.  Plaintiff asks the court to "[i]mmediately enjoin Defendants from:  [e]nforcing any tax liability on the property[,] [t]ransferring or recording any sheriff sale deed[,] [i]nterfering with Plaintiff's possession" and to "[d]eclare the sheriff sale null and void."  Doc. [3] at 1.

-2-

Plaintiff claims she "will suffer immediate and irreparable harm absent court intervention." Doc. [3] at 1.  Despite stating that "[t]his motion is supported by Plaintiff's sworn affidavit and attached exhibits," Plaintiff submitted only a declaration[2] stating:

> On December 10, 2020, a court deemed the property tax-exempt.  The property was redeemed and should not have been subject to sale.  Despite this, a sheriff sale was conducted or threatened.  I face immediate loss of my property.  I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 30, 2026.

Doc. [3] at 2.  Plaintiff does not request a hearing on her motion.

## DISCUSSION

After carefully reviewing Plaintiff's Motion for a Temporary Restraining Order, Doc. [3], and Motion to Proceed *in Forma Pauperis*, Doc. [2], the Court concludes that Plaintiff has neither satisfied the standard for a temporary restraining order nor provided sufficient information to proceed without paying the filing fee.  Therefore, both motions are denied.

**I.      Plaintiff's motion for a temporary restraining order fails.**

Under Federal Rule of Civil Procedure Rule 65(b)(1), a court may issue a temporary restraining order without notice to the adverse party only if (A) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and (B) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Plaintiff does not sufficiently allege the "immediate and irreparable" loss she will suffer absent an injunction issued before hearing from Defendants.  From her allegations, it is not clear if a sheriff's sale has already occurred or if one is imminent; nor does she clearly allege any protectable interest in 3117 N. Grand Boulevard.  The docket contains no evidence that Plaintiff has served any Defendants, and she has not explained why such notice should not be required. She has thus failed to support her request for a temporary restraining order.

**II.     Plaintiff has not shown that she is qualified to proceed *in forma pauperis*.**

Plaintiff's Motion to Proceed *in Forma Pauperis*, Doc. [2], is not on a Court-provided form and does not provide sufficient information regarding Plaintiff's finances.  Plaintiff

---

[2] Both affidavits and declarations serve as written sworn testimony to support motions.  Declarations are signed under penalty of perjury, *see* 28 U.S.C. § 1746, without a notary, while affidavits must be notarized.  Jones-Williams submitted a document signed under penalty of perjury.

provides no information about her income, her assets, her debts, her obligations, or any other relevant financial information.  Therefore, the motion will be denied at this time.  Within 14 days of this order, Plaintiff must either pay the full filing fee or complete an application to proceed in district court without prepayment of fees or costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis*, Doc. [2], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order, Doc. [3], is **DENIED**.

**IT IS FURTHER ORDERED** that **within 14 days of the date of this Order**, Plaintiff must either pay the $405 filing fee or file an adequate motion to proceed without prepayment of fees and costs to proceed in this Court.  The Clerk of Court is directed to provide Plaintiff a blank application to proceed in district court without prepayment of fees and costs.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice.


Dated this 19th day of May, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE