**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROZINA JONES-WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 4:26-cv-00772-SEP |
| MISSOURI DEPARTMENT OF | ) | |
| REVENUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Rozina Jones-Williams's second Motion for Leave to Proceed *in Forma Pauperis*, Doc. [6], and second Motion for Temporary Restraining Order, Doc. [8]. On May 19, 2026, this Court denied Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, Doc. [2], and Motion for Temporary Restraining Order, Doc. [3], because Plaintiff had neither satisfied the standard for a temporary restraining order nor provided sufficient information to proceed without paying the filing fee. Doc. [4]. For the same reasons and others set forth below, the Court denies the pending motions and dismisses the Complaint.

### MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff's second Motion for Temporary Restraining Order asserts that a property at 3117 North Grand Boulevard "was redeemed and should not have been subject to further tax sale proceeding." Doc. [8] at 1. Plaintiff asserts that she "faces immediate and irreparable harm because the property may be transferred, encumbered, condemned, altered, demolished, occupied, or otherwise placed beyond the Court's ability to restore the status quo." *Id.* She further alleges that "the property may possess historical significance" and "[t]he balance of equities favors maintaining the status quo until the Court can fully adjudicate the merits of the parties' claims." *Id.* She seeks an order prohibiting any "transfer, conveyance, recording, assignment, encumbrance, [] disposition," or "condemnation, demolition, alteration, destruction, or impairment of the property pending final judgment" and "[p]rohibiting interference with Plaintiff's claimed possessory and property interests pending resolution of this matter." *Id.* at 1-

2.  Plaintiff submitted a declaration[1] restating the allegations in her Motion for Temporary Restraining Order, Doc. [8], requesting "proper evidentiary proceedings," and seeking reconsideration of the Court's denial of her prior Motion for Leave to Proceed *in Forma Pauperis*, Doc. [2].  Doc. [8-1].  She requests an expedited evidentiary hearing.  Doc. [8] at 2.

## DISCUSSION

After carefully reviewing Plaintiff's Motion for a Temporary Restraining Order, Doc. [8], and Motion to Proceed *in Forma Pauperis*, Doc. [6], the Court concludes that Plaintiff has neither satisfied the standard for a temporary restraining order nor provided sufficient information to proceed without paying the filing fee, in violation of the Court's prior Order, Doc. [4].  Therefore, both motions are denied and the Complaint dismissed.

**I.**     **Plaintiff's Motion for a Temporary Restraining Order fails.**

Under Federal Rule of Civil Procedure Rule 65(b)(1), a court may issue a temporary restraining order without notice to the adverse party only if (A) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (B) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Plaintiff does not sufficiently allege the "immediate and irreparable" loss she will suffer absent an injunction issued before hearing from Defendants.  From her allegations, it is not clear if any tax sale proceedings have occurred or are imminent; nor does she clearly allege any protectable interest in 3117 N. Grand Boulevard.  The docket contains no evidence that Plaintiff has served any Defendants, and she has not explained why such notice should not be required.  She has thus failed to support her request for a temporary restraining order.

**II.**    **Plaintiff has not complied with the Court's order or shown that she is qualified to proceed *in forma pauperis*.**

In its May 19, 2026, Order, the Court denied Plaintiff's first Motion to Proceed *in Forma Pauperis* because it was not on a Court-provided form and did not provide sufficient information about Plaintiff's finances.  Doc. [4] at 2.  The Court required Plaintiff to either pay the filing fee or file an adequate motion to proceed without prepayment of fees and costs within 14 days of the date of the Order.  Doc. [4] at 2.  The Court warned Plaintiff that failure to do so would result in

---

[1] Both affidavits and declarations serve as written sworn testimony to support motions.  Declarations are signed under penalty of perjury, *see* 28 U.S.C. § 1746, without a notary, while affidavits must be notarized.  Jones-Williams submitted a document signed under penalty of perjury.

dismissal of the action without prejudice.  *Id.*  Though Plaintiff has filed a second Motion for Leave to Proceed *in Forma Pauperis* on the Court-provided form, Doc. [6], like the previous motion, Doc. [2], it does not provide sufficient information about Plaintiff's finances.  As before, Plaintiff provides no information about her income, her assets, her debts, her obligations, or any other relevant financial information.  *See* Doc. [4] at 3-4.  In response to inquiries about wages and money in cash or checking or savings account, Plaintiff wrote "N/A."  Doc. [6] at 3-4.  Plaintiff checked a box indicating that she received income from disability or worker's compensation payments in the past 12 months, but in the section requiring the applicant to describe "each source of money and state the amount that you received and what you expect to receive in the future," Plaintiff wrote that she receives "widow benefits," but "no monetary amount as of yet."  Doc. [6] at 3.  In the section requiring the applicant to report monthly housing, transportation, utilities, or loan payments, or other monthly expenses (describe and provide the amount of the monthly expense)," Plaintiff wrote "[y]es but inflation."  Doc. [6] at 4.

Because Plaintiff has not complied with the Court's Order 20 days later, the Court dismisses the Complaint without prejudice.  *See* Fed. R. Civ. P. 41(b); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with a court order).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second Motion to Proceed *in Forma Pauperis*, Doc. [6], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's second Motion for a Temporary Restraining Order, Doc. [8], is **DENIED**.

**IT IS FURTHER ORDERED** that that this action is **DISMISSED** without prejudice.  A separate order of dismissal will accompany this Memorandum and Order.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

Dated this 9th day of June, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE