**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ROZINA JONES-WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 4:26-cv-00772-SEP |
| MISSOURI DEPARTMENT OF | ) |
| REVENUE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Rozina Jones-Williams's Motion to Alter or Amend Judgment, Doc. [11].  For the reasons set forth below, the Court denies the motion.

### FACTS AND BACKGROUND

On May 19, 2026, the Court denied Plaintiff's first Motion to Proceed *in Forma Pauperis* because it was not on a Court-provided form and did not provide sufficient information about Plaintiff's finances.  *See* Doc. [4] at 2.  The Court required Plaintiff to either pay the filing fee or file an adequate motion to proceed without prepayment of fees and costs within 14 days of the date of the Order.  Doc. [4] at 2.  The Court warned Plaintiff that failure to do so would result in dismissal of the action without prejudice.  *Id.*

On June 9, 2026, the Court denied Plaintiff's second Motion to Proceed *in Forma Pauperis*, Doc. [6], and a motion for a temporary restraining order, Doc. [8].  *See* Doc. [9].  As before, Plaintiff provided no information about her income, her assets, her debts, her obligations, or any other relevant financial information.  *See* Doc. [4] at 3-4.  In response to inquiries about wages and money in cash or checking or savings account, Plaintiff wrote "N/A."  Doc. [6] at 3-4. Plaintiff checked a box indicating that she received income from disability or worker's compensation payments in the past 12 months, but in the section requiring the applicant to describe "each source of money and state the amount that you received and what you expect to receive in the future," Plaintiff wrote that she receives "widow benefits," but "no monetary amount as of yet."  Doc. [6] at 3.  In the section requiring the applicant to report monthly housing, transportation, utilities, or loan payments, or other expenses, and to "describe and provide the amount of the monthly expense," Plaintiff wrote, "[y]es but inflation."  Doc. [6] at 4.

In denying Plaintiff's motion for a temporary restraining order, the Court explained that Plaintiff had not provided notice to any defendant and had failed to meet the standard for an ex parte temporary restraining order.  Doc. [9] at 1-2.  Specifically, Plaintiff did not allege any protectable interest in the property she said may be at risk of a tax sale (or may have already been sold in a tax sale) and did not establish any immediate or irreparable harm.  *Id.*  And because Plaintiff still had not complied with the Court's earlier order requiring her to either pay the filing fee or file a sufficient motion to proceed *in forma pauperis* on a Court-provided form, the Court dismissed the Complaint without prejudice under Federal Rule of Civil Procedure 41(b).  Additionally, the June 9th Order certified that an appeal of the order would not be taken in good faith.  Doc. [9] at 3.

Two weeks after the Court's June 9th Order, Plaintiff filed a notice of appeal, Doc. [12], and the instant motion, styled as a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), or in the Alternative, Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b), and Motion to Proceed *in Forma Pauperis* on Appeal Pursuant to Fed. R. App. 24, Doc. [11].  Plaintiff challenges the Court's denial of a temporary restraining order; denial of leave to proceed *in forma pauperis*; and certification than an appeal would not be taken in good faith.

## DISCUSSION

### I.   Plaintiff's Motion to Alter or Amend Judgment, or in the Alternative, Motion for Relief Under Rule 60(b), is denied.

Plaintiff seeks reconsideration of the Court's order denying her leave to proceed *in forma pauperis* "because the record did not fully reflect Plaintiffs financial condition, homelessness, disability status, widow benefits, active bankruptcy status, and the substantial constitutional and property issues presented."  Doc. [11] at 1.  Plaintiff alleges the denial "was based on an incomplete understanding of Plaintiff's financial circumstances" and that she is presently homeless, and is a disabled widow who receives $1,903 per month in benefits.  *Id.* at 2.  She submits that "these facts establish indigency within the meaning of 28 U.S.C. § 1915."  *Id.*  Plaintiff's argument for relief under Federal Rule of Civil Procedure 60(b) is similar.  She "asserts that relief is appropriate based upon mistake, excusable neglect, newly clarified financial information, extraordinary circumstances, and the interests of justice."  *Id.* at 2.

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."  *Hagerman v. Yukon Energy Corp.*, 839 F.2d

-2-

407, 414 (8th Cir. 1998) (internal quotation marks and citation omitted).  In this case, Plaintiff had two opportunities to justify proceeding *in forma pauperis*.  Both motions were insufficient.  After being put on notice that she needed to provide the Court with information on her income, assets, debts, and other relevant financial information, *see* Doc. [4] at 3-4, Plaintiff filed a second motion on the Court-provided form, but she provided no financial information.  Doc. [6].  In response to inquiries about wages and money in cash or checking or savings account, Plaintiff wrote "N/A."  Doc. [6] at 3-4.  In the section requiring the applicant to "describe and provide the amount" of monthly expenses, Plaintiff wrote "[y]es but inflation."  Doc. [6] at 4.  Under the circumstances, the Court correctly found that Plaintiff had provided insufficient financial information to proceed *in forma pauperis*.  Doc. [9].  If the Court were to consider her newly-provided information, that conclusion would still be correct.  Doc. [11-1].  In particular, Plaintiff still has not provided information about her monthly expenses.  Doc. [11-1].  Because Plaintiff fails to point to any manifest error of law or fact, identify any newly discovered evidence, or present any other reason justifying relief, her motion is denied.  *See* Fed. R. Civ. P. 59, 60.

## II.    **Plaintiff's Motion to Proceed *in Forma Pauperis* on Appeal is Denied.**

Federal Rule of Appellate Procedure 24(a)(1) states that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court."  The party must further attach an affidavit that "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs."  Fed. R. App. P. 24.  Plaintiff's affidavit does not show her inability to pay costs in the detail prescribed by Form 4.  Plaintiff does not provide her monthly expenses or otherwise explain how she spends her $1903 in monthly benefits.  Doc. [11-1].  Plaintiff's motion to proceed *in forma pauperis* on appeal is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment, or in the Alternative, Motion for Relief Under Rule 60(b), and to Proceed *in Forma Pauperis* on Appeal, Doc. [11], is **DENIED**.

Dated this 21st day of July, 2026.

_____

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE